**Robin CHERNAK, Plaintiff-Appellant,**

**v.**

**SOUTHWEST AIRLINES COMPANY and the International Association of Machinists and Aerospace Workers, Airline District 146, Defendants-Appellees.**

No. 84–1206.

United States Court of Appeals, Tenth Circuit.

Dec. 2, 1985.

---

Steven R. Hickman (Thomas Dee Frasier, on brief), Tulsa, Okl., for plaintiff-appellant.

J. Joe Harris, San Antonio, Tex., for defendant-appellee Southwest Airlines Co.

Garnett E. Hendrix Jr. (John E. Collins, on brief), Dallas, Tex., for defendants-appellees Intern. Ass'n of Machinists and Aerospace Workers, Airlines Dist. 146.

Before HOLLOWAY, Chief Judge, SETH, Circuit Judge, and CROW, District Judge*.

CROW, District Judge.

Robin Chernak appeals an order dismissing her suit filed in district court to set aside the decision of an arbitrator. Chernak also appeals the dismissal of her claim for failure to defend against the International Association of Machinists and Aerospace Workers (Union). We conclude that the trial court correctly declined to review the arbitrator's award and dismissed the case. We affirm.

Chernak was hired by Southwest Airlines in 1980 to work in the Oklahoma City ter-

---

* Honorable Sam A. Crow, District Judge for the District of Kansas, sitting by designation.

minal. In 1982, Chernak was transferred to the Tulsa terminal. In August of 1982, the airline received a complaint of discourteous treatment from Mr. Gene Ledbetter. Mr. Ledbetter's complaint was based upon an incident which occurred on July 30, 1982, as his daughter was preparing to board a flight from Tulsa to Dallas. Mr. Ledbetter's daughter and her grandmother had asked certain questions about boarding procedures and had complained to Mr. Ledbetter about the discourteous manner in which these inquiries were answered. Based upon the Ledbetter complaint and a prior history of passenger complaints, the airline terminated Chernak on August 25, 1982. At that time, Chernak was given a termination letter detailing the reasons for termination and also was given a copy of Mr. Ledbetter's letter.

After her discharge, Chernak initiated a grievance which was filed by the Union on her behalf. According to the terms of the collective bargaining agreement between Southwest Airlines and the Union, the grievance was submitted to arbitration. The arbitrator found that because termination was based upon a hearsay statement, the airline had not properly established just cause for termination until the arbitration hearing. At the hearing, the passenger's grandmother, who had been present during the boarding procedures, testified in a manner the arbitrator found consistent with Mr. Ledbetter's complaint. The arbitrator, therefore, concluded that just cause for termination had been established at the arbitration hearing.

The arbitrator awarded Chernak back pay from the date of her termination until the date of the award based upon his conclusion that just cause had not been established until that time. In essence, the arbitrator adjusted the termination to the date on which he found Chernak's due process rights were satisfied. Chernak filed this lawsuit to set aside the arbitrator's award, contending the arbitrator exceeded his authority and violated the requirements of the Railway Labor Act, 45 U.S.C. §§ 151 to 188, by making an award not provided for in the collective bargaining agreement.

■ The Railway Labor Act applies to air carriers pursuant to 45 U.S.C. § 181. It provides a separate and distinct statutory scheme for labor disputes arising in rail and airline industries, in contrast to other industries which are governed by the National Labor Relations Act. *Barnett v. United Airlines, Inc.*, 738 F.2d 358 (10th Cir.1984) *cert. denied* —— U.S. ——, 105 S.Ct. 594, 83 L.Ed.2d 703. Under the Act, employee grievances based upon discharge are classified as minor disputes and are to be submitted to adjustment boards for resolution. *Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972). In this case the arbitrator was selected by an agreement of the parties to decide whether the airline had just cause to terminate Chernak. The arbitrator functioned as a special adjustment board as provided in 45 U.S.C. § 153 second. There is no dispute concerning the manner in which the arbitrator was selected nor that this grievance was properly submitted to him for resolution.

■ The Railway Labor Act provides that decisions of adjustment boards may be set aside by the courts only for failure to comply with the requirements of the act, failure to remain within the scope of the board's jurisdiction, or for fraud or corruption. 45 U.S.C. § 153 first (q). This narrow scope of review applies equally to judicial review of awards made by special boards created under authority of 45 U.S.C. § 153 second. *Brotherhood of Railway, Airline & Steamship Clerks v. Kansas City Terminal Railway Company*, 587 F.2d 903 (8th Cir.1978) *cert. denied* 441 U.S. 907, 99 S.Ct. 1997, 60 L.Ed.2d 376 (1979). The sole issue before the court on this appeal is whether the arbitrator exceed his jurisdiction by fashioning an award allegedly inconsistent with the terms of the collective bargaining agreement.

■ The United States Supreme Court has emphasized that the statutory restrictions on judicial review of these decisions are to be strictly enforced. *Union Pacific Railroad Co. v. Sheehan*, 439 U.S. 89, 99

S.Ct. 399, 58 L.Ed.2d 354 (1978). The adjustment board in the *Sheehan* case had denied an employee relief because his claim was not timely filed. The Supreme Court reversed a decision of this court which would have reinstated the employee's claims on the theory the administrative time limits were tolled during the pendency of prior court actions. The Supreme Court held that even the presence of purely legal issues could not expand the statutory scope of judicial review.

Similarly, in this case, the scope of judicial review will not be expanded to permit the relitigation of disputed interpretations of the collective bargaining agreement. To permit judicial review of every case where the losing party disagrees with the arbitrator's application of the collective bargaining agreement would frustrate Congressional efforts to promote stability in labor management relationships and would be in violation of the mandate of the Supreme Court in *Sheehan*. This is a particularly appropriate result in cases such as this where a grievance is submitted to an arbitrator or board selected by the parties through the collective bargaining process. The parties to a collective bargaining agreement are entitled to the benefit of their bargain and it is the arbitrator's judgment, not the court's, for which the parties have bargained. *See generally, United Steel Workers v. Enterprise Corporation,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960) (although the *Steel Workers* case does not involve the Railway Labor Act, this general principal of collective bargaining is equally appropriate in this case).

Chernak also appeals the dismissal of her claim against the Union claiming a breach of the Union's duty of fair representation. The Union does have a duty to fairly represent the interests of all employees in the bargaining unit, however, the Union is given considerable latitude in its handling of the grievance process. An employee does not have an absolute right requiring the Union to take a claim through every stage of the grievance process or in this case into the courts. *Vaca v. Sipes,*

386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). An employee cannot compel the Union to pursue grievances having no legal merit. Chernak's claim against the Union was correctly dismissed.

The judgment of the district court is affirmed.