**UNITED TRANSPORTATION UNION (C) AND (T) and Robert M. Bannon, Plaintiffs-Appellants,**

v.

**UNION PACIFIC RAILROAD COMPANY, a corporation, Defendant-Appellee.**

**No. 84–2433.**

United States Court of Appeals, Tenth Circuit.

Feb. 25, 1987.

Motion to Amend Caption Denied April 14, 1987.

Charles A. Collins of Stone, Ribble & Bremseth, Minneapolis, Minn., and Marv Johnson of Lawton, Edwards & Johnson, Cheyenne, Wyo., for plaintiffs-appellants.

Frederick G. Loomis of Loomis, Lazear, Wilson & Pickett, Cheyenne, Wyo., for defendant-appellee.

Before McKAY, MOORE, and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8(c). The cause, therefore, is submitted without oral argument.

Appellant, Robert Miles Bannon, appeals the district court's decision to affirm a local labor board's ruling which upheld appellant's discharge from the appellee Union Pacific Railroad Company. We affirm the district court's determination for the reasons set forth below.

**I.**

The relevant facts are not disputed. Appellant, a member of the United Transportation Union, was employed as a conductor by the Union Pacific Railroad Company (Railroad). On December 16, 1980, appellant was arrested for possession and possession with intent to distribute cocaine. The crime occurred while appellant was off duty and away from the Railroad property. On March 31, 1981, appellant pleaded guilty to possession of a controlled substance, and the remaining charges were dismissed. He was fined $500 and sentenced to 60 days in jail. The jail sentence was suspended, and he was placed on probation for one year.

By letter dated April 20, 1981, the Railroad advised appellant that it had scheduled a disciplinary hearing to determine whether his arrest and conviction violated company rules. A hearing was conducted

on April 24, 1981, and appellant was discharged on May 1, 1981. The Railroad explained that he was terminated because his arrest and conviction for possession of cocaine was "conduct unbecoming to an employee of the Union Pacific Railroad Company and in violation of General Rules B and E and Operating Rule 700."

After various requests for reinstatement were denied, appellant submitted the dispute to Public Law Board 3282 (Board).[1] After the hearing, the Board rendered its decision, Award Number 1, on July 7, 1983, affirming appellant's dismissal. The Board found that appellant's involvement with drugs and his arrest and conviction for possession of cocaine violated General Regulation 700 in that his conduct was "calculated to subject the carrier to criticism and loss of good will."

An appeal was filed on October 24, 1983, in the federal district court in Wyoming. A hearing was held on August 17, 1984, and the district court rendered the decision on September 20, 1984. *United Transp. U. (C) & (T) v. Union Pacific R.R. Co.*, 593 F.Supp. 1193 (D.Wyo.1984). The district court ruled that the Board complied with the requirements of the Railway Labor Act, acted within its jurisdiction, and did not act in a fraudulent or corrupt manner.

Appellant proposed various arguments on appeal prior to our ruling in *Watts v. Union Pacific R.R. Co.*, 796 F.2d 1240 (10th Cir.1986). Because that decision resolved most of the arguments initially asserted, appellant concedes that his sole remaining argument is that the Board lacked jurisdiction to decide the controversy. Because we determine it did have jurisdiction, we affirm.

## II.

45 U.S.C. § 153 First (q) specifically provides for review by the federal district court when an aggrieved party alleges the

Board did not "confine itself, to matters within the scope of the division's jurisdiction...." *See also Union Pacific R.R. Co. v. Sheehan*, 439 U.S. 89, 93, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978) (per curiam). The statute also specifically authorizes review by the federal court of appeals when there is a final decision by the district court. In this case, the district court ruled on all the issues presented to it and specifically found that "the award is confined to matters within the Board's jurisdiction...." 593 F.Supp. at 1198. Because the district court's decision is "final," we have jurisdiction to review it. 28 U.S.C. § 1291: *In re Tiffany*, 252 U.S. 32, 40 S.Ct. 239, 64 L.Ed. 443 (1920).

■ Appellant's initial assertion is that the district court never determined whether the controversy is a "major" or "minor" dispute, that the evidentiary record was never developed before the Board, and, as a consequence, the case should be remanded to the Board. It is well established that defects in subject matter jurisdiction may be raised at anytime on direct appeal. *Mitchell v. Maurer*, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934); 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984). In the administrative law context, generally, a reviewing court will not consider contentions which were not raised and considered by an administrative agency. *Wilson v. Hodel*, 758 F.2d 1369, 1373 (10th Cir.1985). A reviewing court, however, may set aside agency action that is "patently in excess of [the agency's] authority." *Detroit Edison Co. v. NLRB*, 440 U.S. 301, 312 n. 10, 99 S.Ct. 1123, 1129 n. 10, 59 L.Ed.2d 333 (1979); *Wash. Ass'n for Television & Children v. F.C.C.*, 712 F.2d 677, 682 (D.C.Cir.1983). It is especially appropriate for the appellate court to review an issue when the issue is one of law, requires no further factual development, and has been briefed fully by the parties. *R.R.*

---

**1.** The Board was created by agreement between the United Transportation Union (C) and (T) and the Union Pacific Railroad Company (Eastern District) pursuant to 45 U.S.C. § 153 Second. The Board was established to resolve disputes otherwise referable to the National Railroad Adjustment Board. Board 3282 consisted of three members: the director of labor for the Railroad, the vice president of the United Transportation Union, and a neutral member who served as the board chairman.

*Yardmasters of America v. Harris,* 721 F.2d 1332, 1337 (D.C.Cir.1983). In this case, the issue of major or minor dispute is a legal one, requires no factual development, and has been fully briefed by the parties. We, therefore, address the merits of the controversy.

Appellant asserts that his dismissal for violating Rule 700 for off-duty conduct constitutes a major change in working conditions which is beyond the jurisdiction of the Board. "Major" disputes are defined to include those involving the formation of agreements or "where it is sought to change the terms of one...." *Elgin, Joliet & Eastern Ry. v. Burley,* 325 U.S. 711, 723, 65 S.Ct. 1282, 1290, 89 L.Ed. 1886 (1945), *aff'd on rehearing,* 327 U.S. 661, 66 S.Ct. 721, 90 L.Ed. 928 (1946). Major disputes involving changes in working conditions are within the jurisdiction of the National Mediation Board. 45 U.S.C. § 155 First (a); *St. Louis S.W. Ry. Co. v. Brotherhood of R.R. Signalmen,* 665 F.2d 987, 990 (10th Cir.1981), *cert. denied,* 456 U.S. 945, 102 S.Ct. 2011, 72 L.Ed.2d 467 (1982). "Minor" disputes are defined as those which involve the "meaning or proper application of a particular provision" of an existing agreement. *Burley,* 325 U.S. at 723, 65 S.Ct. at 1290; *Barnett v. United Airlines,* 738 F.2d 358, 361 (10th Cir.), *cert. denied,* 469 U.S. 1087, 105 S.Ct. 594, 83 L.Ed.2d 703 (1984). The Board in this case is authorized to review only minor disputes emanating from "grievances or out of the interpretation or application of agreements." *Burley,* 325 U.S. 723 n. 16, 65 S.Ct. at 1290 n. 16; *Chambers v. Burlington Northern,* 692 F.2d 109, 111 (10th Cir. 1982).

■ The record in this case indicates the Board considered whether the Railroad's decision to terminate appellant's employment was based on a correct interpretation of Rule 700.[2] The Board concluded that the Railroad's interpretation was correct and that appellant's conduct was sufficient

to warrant dismissal pursuant to that rule. Nothing in the record of this case even remotely suggests that the Board considered a dispute involving a formation of a new agreement or the change in the terms of an existing one. Because the dispute involves the interpretation and application of an existing rule, appellant's termination is a minor dispute within the Board's jurisdiction.

### III.

We conclude the district court correctly determined that the Board had jurisdiction to rule on the propriety of appellant's dismissal from the Railroad for a drug related criminal conviction. All other issues raised by appellant are decided by the court's ruling in *Watts v. Union Pacific R. Co.,* 796 F.2d 1240.

AFFIRMED.

---

2. Rule 700 contains the following language: Employees will not be retained in the service who are careless of the safety of themselves or others, insubordinate, dishonest, immoral, quarrelsome or otherwise vicious, or who do

not conduct themselves in such a manner that the railroad will not be subjected to criticism and loss of good will, or who do not meet their personal obligations.