**Ethel RENFRO, Plaintiff,**

v.

**INTERSTATE BRANDS CORPORATION d/b/a Dolly Madison Cake Company, Bakery Confectionery and Tobacco Workers' Local 218, Defendants.**

**No. 94–4003–RDR.**

United States District Court,
D. Kansas.

March 24, 1995.

Cortland E. Berry, Reading, KS, for Ethel Renfro.

Leonard Singer, Stephany J. Newport, Bioff, Singer & Finucane, Kansas City, MO, for Interstate Brands Corp.

Robert L. Dameron, Blake & Uhlig, P.A., Kansas City, KS, for BC & T, Local Union 218, Edward B. Moyer.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

In this action, plaintiff alleges that her termination from employment with defendant Interstate Brands Corporation ("Interstate") breached the terms of its collective bargaining agreement with defendant Local 218 of the Bakery, Confectionery and Tobacco Workers International Union ("Local 218"). Plaintiff further alleges that the defendant union breached its duty of fair representation by failing to bring a grievance concerning plaintiff's termination. Thus, plaintiff's claim may be properly characterized as a hybrid § 301/duty of fair representation action under the Labor Management Relations Act, 29 U.S.C. § 185.

This case is now before the court upon defendants' motions for summary judgment. The general guidelines for analyzing summary judgment motions were reviewed by the Tenth Circuit in *Martin v. Nannie and the Newborns, Inc.*, 3 F.3d 1410, 1414 (10th Cir.1993):

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986); *Russillo v. Scarborough*, 935 F.2d 1167, 1170 (10th Cir.1991). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir.1991). If the moving party meets this burden, the non-moving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial as to elements essential to the non-moving party's case. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.1991). To sustain this burden, the non-moving party cannot rest on the mere allegations in the pleadings. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Applied*

*Genetics Int'l v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990).

The following facts appear to be uncontroverted. Plaintiff was hired by defendant Interstate on June 27, 1986. Plaintiff was terminated for excessive absenteeism in violation of the company's absence control policy on May 24, 1993. Under the terms of Interstate's absence control policy, on February 23, 1993 plaintiff was placed on "habitual absentee" status. A "habitual absentee" under the policy could be discharged if he or she was absent for any reason during a six-month period following notification of "habitual absentee" status. It is a "no fault" policy in that an employee can be terminated regardless of the reason for being absent. Plaintiff did not protest being placed on "habitual absentee" status; nor does she protest that action in this case. While plaintiff was on "habitual absentee" status, she broke her leg and did not go to work. Because of this absence, plaintiff was terminated.

Plaintiff met with the business representative of Local 218 after she was terminated. The business representative declined to bring a grievance on behalf of plaintiff because she admitted that her record of absenteeism was accurate, the attendance policy had been applied consistently, and he felt plaintiff could not prevail if the matter was taken to arbitration. Plaintiff does not dispute Interstate's right to promulgate and enforce the absence control policy.

Plaintiff has argued that she was not sufficiently informed of the policy prior to its application against her. Plaintiff claims she was not informed of a change from the previous absence control policy which permitted persons who had received a "habitual letter" to have one absence for serious illness or injury which was verifiable by the treating physician. However, plaintiff admits that she read the letter which placed her on "habitual absentee" status. This letter stated that she could be discharged for any additional absence. Plaintiff signed a copy of the letter to indicate receipt. Plaintiff further admits that the letter was read to her when she received it. The uncontroverted facts in this matter also show that the policy was posted at various spots where plaintiff worked.

As is more fully discussed in *Valdivia v. Ohse Foods, Inc.,* 820 F.Supp. 574, 580–81 (D.Kan.1993) and *Baker v. Interstate Brands Corp.,* 801 F.Supp. 456, 461–63 (D.Kan.1992), plaintiff can prevail against defendant Interstate upon a wrongful discharge claim only if she can establish that defendant Local 218 breached its duty of fair representation. As these cases also note, the duty of fair representation is breached if a union's actions are either " 'arbitrary, discriminatory, or in bad faith.' " *Valdivia, supra,* 820 F.Supp. at 582, quoting *Air Line Pilots Ass'n v. O'Neill,* 499 U.S. 65, 67, 111 S.Ct. 1127, 1130, 113 L.Ed.2d 51 (1991), citing *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). Mere negligence will not support a claim for breach of the duty of fair representation. *Id.,* citing *United Steelworkers of America v. Rawson,* 495 U.S. 362, 372–73, 110 S.Ct. 1904, 1911–12, 109 L.Ed.2d 362 (1990).

There is no allegation by plaintiff that defendant Local 218's actions were discriminatory. Proof of bad faith derives from evidence of fraud, deceitful action or dishonesty. *Id.,* citing *Humphrey v. Moore,* 375 U.S. 335, 348, 84 S.Ct. 363, 371, 11 L.Ed.2d 370 (1964). There is no evidence or allegation of fraud, deceit or dishonest conduct before the court. Hence, it is left for the court to determine whether a reasonable jury could find sufficient evidence that Local 218 acted arbitrarily.

"A union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Id.,* quoting, *Air Line Pilots Ass'n v. O'Neill, supra,* 499 U.S. at 67, 111 S.Ct. at 1130. Plaintiff's argument is that Local 218 should have brought a grievance protesting her termination, even if the union felt that it could not prevail. However, as Judge Saffels stated in the *Valdivia* case:

"[A]n employee has no absolute right to have the union take his grievance through every stage of the grievance process.

*Chernak v. Southwest Airlines Co.,* 778 F.2d 578, 581 (10th Cir.1985) (citing *Vaca,* 386 U.S. 171, 87 S.Ct. 903 (1967); *Baker v. Interstate Brands Corp.,* 801 F.Supp. 456, 464 (D.Kan.1992); *McLinn v. Boeing Co.,* 715 F.Supp. 1024, 1031 (D.Kan.1989). Nor can the plaintiff compel the union to pursue a grievance having no legal merit. *Chernak,* 778 F.2d at 581."

820 F.Supp. at 583. See also, *Souter v. International Union,* 993 F.2d 595, 598 (7th Cir.1993) (if employee's claim lacks merit, employee cannot claim breach of duty of fair representation); *Amburgey v. Consolidation Coal Co.,* 923 F.2d 27, 30 (4th Cir.1991) ("a union is its members' representative, not their puppet, and its duty of fair representation is not a servitude to their individual whims."); *Whitten v. Anchor Motor Freight, Inc.,* 521 F.2d 1335, 1341 (6th Cir.1975) *cert. denied,* 425 U.S. 981, 96 S.Ct. 2188, 48 L.Ed.2d 807 (1976) (no right to require union to pursue a meritless grievance to arbitration).

A review of the record convinces the court that no reasonable juror would view defendant Local 218's failure to bring a grievance to be irrational. Interstate had the right to implement its no-fault absence control policy. The evidence indicates that the policy was applied uniformly. Plaintiff had an undisputed record of absenteeism, which justified her discharge under the policy. Although plaintiff argues that she was not aware of a change in the policy which eliminated an exception for medically necessary absences, this does not suggest that Local 218's actions were arbitrary or irrational. The policy was posted in plaintiff's place of work. Plaintiff was given a letter explaining that *"Any absence in the next six months before 8–18–93 will result in your discharge."* Plaintiff has stated that she read the letter. The letter was also read to plaintiff. In other words, plaintiff should have been aware of the policy.

In sum, the record directs the conclusion that defendant Local 218 did not breach its duty of fair representation. The record is devoid of evidence that the union's actions were arbitrary, discriminatory or in bad faith. A reasonable jury could not find otherwise. Therefore, the court shall grant the summary judgment motions of defendant Local 218 and defendant Interstate.

**IT IS SO ORDERED.**