Val G. WILSON, H.G. Soenksen, David L. Voss, Brotherhood Railway Carmen of the United States and Canada, AFL–CIO, CLC, and System Federation No. 76, Railway Employees' Department, AFL–CIO, CLC, Brotherhood Railway Carmen of the United States and Canada, Plaintiffs-Appellees,

v.

CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY, Defendant-Appellant.

No. 83–1536.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 27, 1983.

Decided March 5, 1984.

John S. Bishof, Jr., Chicago, Ill., for defendant-appellant.

Thomas A. Woodley, Mulholland & Hickey, Washington, D.C., for plaintiffs-appellees.

Before BAUER, ESCHBACH and COFFEY, Circuit Judges.

COFFEY, Circuit Judge.

This is an appeal from a decision of the United States District Court granting summary judgment for the plaintiffs, thereby setting aside three awards of an arbitration board comprised of a representative of the plaintiff union, a representative of the defendant employer, and a neutral member.

The issues presented for review are whether the district court exceeded its narrow scope of review in setting aside the awards, whether the arbitration board exceeded its jurisdiction in making the awards, and whether the arbitration board failed to comply with the requirements of the Railway Labor Act. We affirm the decision of the district court.

## I. Facts.

The plaintiffs Val G. Wilson, H.G. Soenksen and David L. Voss were employed as carmen by the defendant Chicago and North Western Transportation Company. Co-plaintiff Brotherhood Railway Carmen of the United States and Canada, AFL–

CIO, CLC (hereinafter referred to as "Union") was the bargaining representative for the Chicago and North Western carmen. System Federation No. 76, a union comprised of various shopcraft unions including the aforementioned union and which is affiliated with the former Railway Employees Department, AFL–CIO, CLC, administered and enforced certain labor agreements between the Union and the Chicago and North Western at times material to this case.

The Union and the Chicago and North Western are parties to a collective bargaining contract, portions of which govern the wages, rules and other conditions of employment of the railroad's carmen. Rule 35 of that contract deals with Discipline and Investigation. On May 1, 1977 the Union and the Chicago and North Western entered into a further agreement concerning the application of Rule 35 to the carmen. This agreement detailed certain procedures and time limits to be followed in the discipline and investigation of carmen. The agreement provides:

> "(a) Except as provided in section (f) hereof, an employe in service more than sixty (60) days will not be disciplined or dismissed without a fair and impartial investigation. Such investigation shall be scheduled promptly and held not later than thirty (30) days from the date of occurrence, or not later than thirty (30) days from the date information concerning the alleged offense has reached his supervising officer.
>
> "(b) In the case of an employe held out of service pending investigation account [sic] serious infractions of rules the investigation shall be held within ten (10) days from the date withheld from service. At the time held out of service the employe will be notified the reason thereof.
>
> \*     \*     \*     \*     \*     \*
>
> "(d) A decision will be rendered within fifteen (15) days following the completion of investigation, and written notice of

discipline will be given the employe, with copy to the organization's local representative.

> \*     \*     \*     \*     \*     \*
>
> "(k) If investigation is not held or decision rendered within the time limits specified herein, as such time limits are extended by agreement or postponement, the charges against the employe shall be considered as having been dismissed."

On October 2, 1979, the Union and the Chicago and North Western entered into an agreement establishing Public Law Board No. 2512 (the "Board") to arbitrate and resolve certain disputes between the parties.[1] The Board was given jurisdiction to interpret and apply the agreement between the Chicago and North Western and the Union; but was not given authority to change the existing agreements nor to enact new rules. Three awards of the Board are the subject of this appeal.

### Award No. 20

Plaintiff Val G. Wilson was absent from his position from May 16 to May 31, 1979. He was sent written notice of an investigation hearing to be held on June 13, 1979, regarding the charge of absenteeism. He failed to appear at the hearing. A written notice of dismissal was sent to Mr. Wilson on July 10, 1979—27 days after the investigation hearing. The Board upheld the dismissal, finding that Mr. Wilson had abandoned his claim when he accepted other employment after May 31, 1979.

### Award Nos. 28 and 29

On February 16, 1980, Soenksen and Voss were suspended from service pending an investigation regarding allegations of theft. The railroad initially scheduled the investigation hearing for February 28, 1980; the hearing was rescheduled and actually held on February 29, 1980. Soenksen and Voss were dismissed from service on March 11, 1980. The Board determined that the remedy for the Chicago and North Western's failure to hold the hearing within ten days

---

1. The Board is a Special Board of Adjustment under the Railway Labor Act, 45 U.S.C. § 151 *et seq.,* as amended by Public Law 89–456.

of the date Soenksen and Voss were removed from service was to compensate the claimants for wages lost from February 16, 1980 (suspension date) to March 11, 1980 (dismissal date).

The plaintiffs sought court review of Awards 20, 28, and 29 in the United States District Court pursuant to 45 U.S.C. § 153 Second and § 153 First (q). The plaintiffs requested the district court to set aside the three awards and remand the proceedings to Public Law Board No. 2512 with directions that the Board issue awards dismissing the charges against plaintiffs Wilson, Soenksen and Voss, reinstating them, and granting them backpay and lost benefits. The plaintiffs thereafter moved for summary judgment on the merits of their complaint. The defendant Chicago and North Western filed a cross-motion for summary judgment requesting the court to dismiss the plaintiffs' complaint. The district court concluded that the Board exceeded its authority in issuing the awards because it disregarded both the time limitations for disciplining and/or dismissing employees and the remedy for not acting within the time periods specified. The agreement concerning the application of Rule 35 specifically requires an investigative hearing be held within 30 days of an alleged offense, or within ten days in the case of an employee held out of service for a serious infraction; it also requires written notice of the decision within fifteen days following completion of an investigative hearing, and further provides:

> "(k) If investigation is not held or decision rendered within the time limits specified herein, as such time limits are extended by agreement or postponement, the charges against the employe shall be considered as having been dismissed."

## II. The District Court's Scope of Review.

■ Under § 3 First (q) of the Railway Labor Act (45 U.S.C. § 153 First (q)), either the carrier or employees of the carrier are allowed to seek review of a board award in the United States District Court. The reviewing court may set aside an award in whole or in part or remand the matter to the board for further action on the following grounds: (1) failure of the board to comply with the requirements of the Railway Labor Act; (2) failure of the board to confine itself to matters within its jurisdiction; or (3) fraud or corruption by a member of the board making the award. 45 U.S.C. § 153 First (q).[2] The range of judicial review of a board decision is narrow. *Brothers of R.R. Signalmen v. Louisville and N.R. Company,* 688 F.2d 535 (7th Cir.1982). It is well established, however, that a board is without power to fashion a new rule for the parties. *United Transportation Union v. Soo Line R. Company,* 457 F.2d 285, 288 (7th Cir.1972).

## III. The Jurisdiction of Public Law Board No. 2512.

Under the May 1, 1977 agreement governing the application of Rule 35, the railroad is obligated to render its decision and to notify the employee and his union representative of the discipline within fifteen days following an investigative hearing. Further, the railroad is required to hold an investigation hearing within ten days from the date an employee is held out of service for a serious infraction of the rules. If the railroad fails to comply with these time limits, the agreement specifies one result: "the charges against the employee shall be considered as having been dismissed." The Board's novel and innovative Awards 20, 28 and 29 cannot be reconciled with this explicit and unambiguous language.

■ With respect to Award No. 20, the Board acknowledged that Wilson was not notified within the fifteen-day time limit of the results of the investigation concerning his absenteeism. The Board went on to consider the assertion that Wilson had accepted other employment after May 31, 1979, and concluded that because of this "abandonment of position" Wilson lost his

---

2. The same scope of judicial review permitted with respect to the awards of the National Railroad Adjustment Board applies to the awards of Public Law Boards. *United Transportation Union v. Indiana H.B.R. Co.,* 540 F.2d 861 (7th Cir.1976).

standing as an employee. We hold that by justifying Wilson's dismissal on this basis, the Board attempted to circumvent the language of the agreement.

■ With respect to Awards 28 and 29 dealing with the charges of theft against Soenksen and Voss, it is undisputed that the investigative hearings were not held within the ten-day time limit recited in the agreement. The Board reasoned that if the charges were to be dismissed, employees charged with serious infractions would receive better treatment than employees charged with less serious infractions, since the agreement mandated a hearing within the ten-day time limit for employees removed from service while permitting a thirty-day time limit for the hearing when a lesser charge not requiring the removal of the employee from service was alleged. Because the investigations into the charges against Soenksen and Voss were held during the thirty-day time period, the Board determined that, in the interest of treating all employees equally, their only redress should be straight-time earnings from the date of suspension until the date of dismissal. This decision clearly alters the terms of the agreement and exceeds the realm of interpretation and application; in its interpretation of the agreement, the Board may not depart from its clear and unambiguous provisions.

The Board attempted to alter the existing agreement by ignoring the provisions mandating the dismissal of charges when the railroad fails to comply with the specified 30-day, 10-day, and 15-day time limits recited therein. The Board clearly exceeded the boundaries of its authority in so acting, and the district court properly overturned the awards pursuant to 45 U.S.C. § 153 First (q).

### IV. *The Railway Labor Act.*

■ The Railway Labor Act requires that agreements negotiated under its auspices may only be amended by the parties through the collective bargaining process. 45 U.S.C. § 152 First, Seventh, and § 156. The authority of arbitration boards established under the Act is limited exclusively to the interpretation or application of exist-

ing agreements. 45 U.S.C. § 153 First (i) and Second. The agreement between the Union and the Chicago and North Western requires the dismissal of disciplinary charges if the railroad fails to hold required investigative hearings within the specified time limits; under the Act this provision can only be altered through the collective bargaining process. We hold that Public Law Board No. 2512 exceeded its authority in attempting to alter this provision and fashion their own remedy. This attempt to rewrite the agreement is a clear violation of the Railway Labor Act, and is a proper basis for the district court to set aside the awards.

### V. *Conclusion.*

The language of the agreement between the railroad and the Union is clear and unambiguous. Two of the three possible reasons for which a district court may overturn the award of an arbitration board under 45 U.S.C. § 153 First (q) have been clearly demonstrated in this case: (1) the board has failed to comply with the requirements of the Railway Labor Act; and (2) the board has failed to confine itself to matters within its jurisdiction. We hold that the defendant's contention that the district court exceeded its scope of review is without merit. The decision of the district court is hereby AFFIRMED.