**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 13 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT ROBINSON,

      Plaintiff-Appellant,

v.

UNION PACIFIC RAILROAD,

      Defendant-Appellee,

UNITED TRANSPORTATION
UNION,

      Defendant.

No. 00-1240

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 99-K-841)**

---

Submitted on the briefs:

Jeffrey Menter, Littleton, Colorado, for Plaintiff-Appellant.

Brenda J. Council and Conal L. Hession of Kutak Rock LLP, Omaha, Nebraska
for Defendant-Appellee.

---

Before **SEYMOUR** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

**BALDOCK** , Circuit Judge.

Plaintiff-appellant Robert Robinson appeals the district court's grant of summary judgment to defendant-appellee Union Pacific Railroad (UP) on his claim that Public Law Board 5914, convened under the Railway Labor Act (RLA), 45 U.S.C. § 153 First (i), exceeded the scope of its jurisdiction in arbitrating his grievance against UP. The district court concluded that, under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), it lacked subject matter jurisdiction to review the Board's decision. We have jurisdiction over Mr. Robinson's appeal pursuant to 28 U.S.C. § 1291, and we affirm. [1]

## I.

Mr. Robinson was employed as a hostler/engineer for Southern Pacific Lines, [2] when, on November 18, 1994, he caused an unauthorized reverse movement of a locomotive without prior warning. Following an investigation of the incident, Mr. Robinson's employment was terminated. On November 28, 1994, the United Transportation Union (UTU) filed a complaint with Southern Pacific on Mr. Robinson's behalf, seeking reinstatement and back pay and

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2]    During the pendency of the this action, Southern Pacific Lines merged with Union Pacific Railroad, the properly named defendant in this case.

benefits for time lost.  After some delay, Public Law Board 5914 (the Board) was convened pursuant to the mandatory arbitration procedures of the RLA, 45 U.S.C. § 153 First (i), to consider Mr. Robinson's grievance of Southern Pacific's actions.

Following review, the Board found that there was sufficient evidence to support a finding that Mr. Robinson was guilty of the rules violation.  Because of his sixteen-years' seniority and the fact that the incident did not pose a danger to any other worker, however, the Board concluded that Southern Pacific's termination of Mr. Robinson was unreasonable, arbitrary, and capricious.  The Board then ordered Mr. Robinson reinstated without back pay.  In so doing, the Board reasoned that although Mr. Robinson's rules violation did not warrant termination, it did warrant a lengthy suspension, and that the period between his dismissal and his reinstatement would be sufficient.

On April 30, 1999, Mr. Robinson filed a complaint in federal district court against the Board, UP, and the UTU, presenting several claims involving the procedure and result of the Board's arbitration of his grievance.  The district court struck Mr. Robinson's initial complaint and ordered him to file an amended complaint.  Mr. Robinson complied, filing a second amended complaint on May 6, 1999.  UP filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim.  UTU filed a

motion for summary judgment. The district court entered an order granting UP's motion to dismiss for lack of subject matter jurisdiction. *Robinson v. Public Law Bd. No. 5914* , 63 F. Supp. 2d 1266, 1272 (D. Colo. 1999).

On January 4, 2000, the district court granted Mr. Robinson's motion to file a third amended complaint, naming UP and UTU as defendants and asserting claims for a breach of duty and fair representation and petitioning for review of the Board's award. The parties filed cross motions for summary judgment. The district court denied Mr. Robinson's motion for summary judgment, granted the summary judgment motions of UP and the UTU, and dismissed Mr. Robinson's petition for review for lack of subject matter jurisdiction. *Robinson v. Union Pac. R.R.* , 98 F. Supp. 2d 1211 (D. Colo. 2000). Although the parties posit the issues on appeal somewhat differently, we determine that the only issue before this court is whether the district court erred in concluding that it did not have subject matter jurisdiction to review the Board's arbitration award. [3]

---

[3]     In his brief, Mr. Robinson identifies two additional issues: (1) the district court erred by examining extrinsic evidence of past custom and practice that was not considered by the Board; and (2) the district court erred by holding that a prior suspension constituted a custom or practice which allowed the Board to impose a suspension. As to the first of these contentions, he does not identify the extrinsic evidence improperly considered by the court except for evidence of a prior suspension, which the court specifically stated was included in the history before the Board. Appellant's App. at 110. His argument in support of the second issue is nothing more than a reiteration of his assertion that the Board incorrectly interpreted the collective bargaining agreement. Because of our

(continued...)

-4-

## II.

Initially, we must determine our standard of review of the district court's decision. UP moved, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), for summary judgment, alleging that the district court lacked subject matter jurisdiction. It is permissible to move under either Rule 12(b)(6) for dismissal for failure to state a claim or Fed. R. Civ. P. 56 for summary judgment when the moving party requests that the court consider materials outside the complaint. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 518 n.8 (10th Cir. 1994). When the motion to dismiss is grounded in a lack of subject matter jurisdiction, however, the motion must be brought under Rule 12(b)(1). *Id.* "Seeking summary judgment on a jurisdictional issue . . . is the equivalent of asking a court to hold that because it has no jurisdiction the plaintiff has lost on the merits." *Id.*

An exception exists, however "[w]hen[, as here,] subject matter jurisdiction is dependant upon the same statute which provides the substantive claim in the case." *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987). In such cases, the issue of jurisdiction and the merits of the case are considered to be intertwined. *Id.* Because we determine that the question of whether the Board

---

[3](...continued)
decision in this case that the court lacked subject matter jurisdiction to review the Board's decision, we do not reach the merits of these issues.

exceeded the scope of its jurisdiction in interpreting the parties' collective bargaining agreement is both a jurisdictional issue and a substantive factual determination, and because the court relied on evidence outside the complaint, the motion was properly considered as one for summary judgment. *See id.* Mr. Robinson's burden of proof remains essentially the same--he "must present affidavits or other evidence sufficient to establish the court's subject matter jurisdiction by a preponderance of the evidence." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 n.5 (10th Cir. 1999).

"We review the grant of summary judgment de novo, applying the same legal standard that would be used by the district court." *Id.* at 1160. We also review a claim of subject matter jurisdiction de novo. *Id.* "Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Id.*

**III.**

Under the RLA, employee grievances regarding termination are categorized as minor disputes and are to be resolved by arbitration. *Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 322-23 (1972). In this case, the arbitrator was a special adjustment board as provided for in 45 U.S.C. § 153 Second. The parties do not challenge the submission of this matter to the Board, or the manner in which the Board was selected.

-6-

Title 45, section 153 Second of the RLA provides that the Board's decisions "shall be final and binding upon both parties to the dispute." An adverse decision may be appealed to the federal district court on only three grounds: "(1) failure of the Adjustment Board to comply with the requirements of the Railway Labor Act; (2) failure of the Adjustment Board to conform, or confine itself to matters within the scope of its jurisdiction; and (3) fraud or corruption." *Union Pac. R.R. Co. v. Sheehan*, 439 U.S. 89, 93 (1978) (*citing* § 153 First (q)); *accord Watts. v. Union Pac. R.R. Co.*, 796 F.2d 1240, 1243 (10th Cir. 1986). In *Sheehan*, the Supreme Court stated, "[w]e have time and again emphasized that this statutory language means just what it says." 439 U.S. at 93. Likewise, this court has emphasized that this statutory standard of review "is among the narrowest known to the law." *Watts*, 796 F.2d at 1243 (quotation omitted). Of paramount importance to our decision here is our holding in *Watts* that "[t]he reviewing court is not to determine whether the Board's decision is correct, but may only consider its decision in light of the circumstances enumerated by the statute." *Id.* On appeal, Mr. Robinson asks the court to find the Board's decision to be incorrect and therefore outside its scope of jurisdiction. This we decline to do.

The Board's award was based on its interpretation of Article 34(J) & (M) of the parties' "Contract of Wages and Working Conditions." Article 34(J) states:

(J) In case discipline is found to be unjust, the fireman or hostler involved, if dismissed will be reinstated with full pay for the time he has been out of service. Full pay will mean one day's pay for each 24 hours at the rate pertaining to his class of service. If disciplines by demerit mark or reprimand, all such notations will be removed from his record.

Appellant's App at 27. Adopting a system of "Discipline by Record," Article

34(M)(1) & (2) state:

(1) The application of "Discipline by Record" in lieu of actual suspension will be hereafter applied to the following classes of employees:

. . . .

Hostlers and Hostler Helpers

. . . .

(2) Discipline will be maintained by Reprimands, Demerits and Dismissal. Record of Reprimands, Demerits or Dismissal will be made in accordance with the Investigation Rules of the various employee working agreements as heretofore, or as hereafter amended. A reprimand or record of Demerits, will not be entered in an employee's record without written notice to him.

*Id*. at 28-29.

Here, the Board found that although Mr. Robinson "acted carelessly, we do not find that anybody was endangered as a result of his failure to follow all the rules." *Id.* at 44. For this reason, and because Mr. Robinson had sixteen years' seniority, the Board concluded that UP's decision to terminate him was unreasonable, arbitrary, and capricious. *Id.* at 45. The Board then ordered that

Mr. Robinson be returned to full employment after being retrained, and that his discipline be a lengthy suspension equal to the time between his termination and his reinstatement. *Id.* The thrust of Mr. Robinson's argument on appeal is that the provisions of the parties' collective bargaining agreement at issue here preclude a suspension remedy and require that he be reinstated with back pay.

In an earlier decision of this court, the sole issue was "whether the arbitrator exceed[ed] his jurisdiction by fashioning an award allegedly inconsistent with the terms of the collective bargaining agreement." *Chernak v. Southwest Airlines Co*, 778 F.2d 578, 580 (10th Cir. 1985). In *Chernak*, we recognized the Supreme Court's emphasis on the strict enforcement of the statutory restrictions on judicial review of awards made by special boards created pursuant to the RLA. *Id.* Similar to the Supreme Court's decision in *Sheehan*, we held that we would not expand the scope of judicial review "to permit the relitigation of disputed interpretations of the collective bargaining agreement." *Id.* at 580. We reasoned that

> [t]o permit judicial review of every case where the losing party disagrees with the arbitrator's application of the collective bargaining agreement would frustrate Congressional efforts to promote stability in labor management relationships and would be in violation of the mandate of the Supreme Court in *Sheehan*. This is a particularly appropriate result in cases such as this where a grievance is submitted to an arbitrator or board selected by the parties through the collective bargaining process. The parties to a collective bargaining agreement are entitled to the benefit of their bargain and

it is the arbitrator's judgment, not the court's, for which the parties have bargained.

*Id.*[4]

"[D]ecisions by adjustment boards which merely interpret collective bargaining agreements are conclusive and binding on the parties; no federal or state court has jurisdiction to review such a determination by an adjustment board." *Barnett v. United Air Lines, Inc.*, 738 F.2d 358, 361 (10th Cir. 1984). Therefore, even if we were inclined to disagree with the Board's interpretation of the applicable provisions of the collective bargaining agreement, "the applicable standard of review does not permit us to make this interpretation." *Watts*, 796 F.2d at 1244. [5]

Mr. Robinson urges this court to apply the holdings in *United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29 (1987), *Bernard v. Commercial Carriers, Inc.*, 863 F.2d 694 (10th Cir. 1988), *Mistletoe Express Service v. Motor Expressmen's Union*, 566 F.2d 692 (10th Cir. 1977), *Norfolk &*

---

[4] We conclude that Mr. Robinson's attempt to distinguish *Chernak* based on irrelevant factual differences fails. The issue before the court and its reasoning in *Chernak* is directly on point with, and applicable to, Mr. Robinson's appeal.

[5] We stress that our decision is based not on the principle that the Board may ignore the terms of a collective bargaining agreement, but rather that the Board's construction of the agreement as allowing a sanction of a four-and-a-half year suspension without pay is not so unreasonable that the Board failed to "confine itself to matters within the scope of its jurisdiction." *Sheehan*, 439 U.S. at 93; § 153 First (q).

*Western Railway v. Transportation Communications International Union*, 17 F.3d 696 (4th Cir. 1994), and *Pitts v. National Railroad Passenger Corp.*, 603 F. Supp. 1509 (N.D. Ill. 1985), which he reads as concluding that an arbitrated interpretation of a contract is subject to judicial review if the arbitrator ignores the plain language of the contract. *Misco, Inc.*, *Bernard*, and *Mistletoe Express* are not applicable here as they do not implicate the strict statutory limits on judicial review found in the RLA.

Contrary to Mr. Robinson's contention, the decision in *Norfolk* does not help his argument. In *Norfolk*, the Fourth Circuit held that under the RLA's standard of review, "a court may not overrule an arbitrator's decision simply because it believes its own interpretation of the contract would be the better one." 17 F.3d at 699-700 (quotation omitted). The court concluded that an arbitrator's award may be overturned as in excess of the Board's jurisdiction, "only where the arbitration board's order does not draw it essence from the collective bargaining agreement, or its interpretation of the contract is wholly baseless and completely without reason." *Id.* at 700 (quotations omitted). "'As long as the arbitrator is even arguably construing or applying the contract,' the arbitrators' award must not be disturbed." *Id.* (*quoting Misco, Inc.*, 484 U.S. at 38). Here, the district court concluded, and we agree, that the Board's interpretation of the parties' collective bargaining agreement did not forbid the remedy of suspension or

mandate an award of back pay. Therefore, we cannot say that the Board's interpretation was either baseless or without reason.

In *Pitts*, a district court case, the court commented that the Seventh Circuit's decision in *Wilson v. Chicago & North Western Transportation Co.*, 728 F.2d 963 (7th Cir. 1984), suggests that the Board's denial of back pay may exceed the scope of its jurisdiction. 603 F. Supp. at 1518. The Board in *Wilson* determined that the appropriate remedy for the railroad's failure to hold a timely hearing was to award the employees their lost wages for the time between their suspensions and their dismissals even though the collective bargaining agreement stated that dismissal of the charges was the appropriate remedy for the railroad's failure to hold a timely hearing. Basically, the *Wilson* court determined that upholding the employees' dismissals on charges that should have been dismissed was in excess of the scope of the Board's jurisdiction. As the court in *Pitts* noted, this decision does little more than suggest that a denial of back pay may be outside the scope of the Board's jurisdiction and is equally unhelpful to Mr. Robinson's arguments.

We agree with the Fourth Circuit, that "[i]n the absence of language evidencing a clear intent to deny the arbitrator any latitude of judgment," the arbitrator is the proper one to address the question of "whether reinstatement with full pay represents the sole remedy for an employee who has suffered an injustice,

-12-

or whether it merely marks the outer limits within which an arbitrator may fashion a remedy appropriate to the circumstances." *Lynchburg Foundry Co. v. United Steelworkers of Am.,* 404 F.2d 259, 261 (4th Cir. 1968). The *Lynchburg* court concluded that a "rigid interpretation" of the scope of the arbitrator's authority would "be acceptable only if a contract expressly forbade the arbitrator to exercise any discretion in fashioning this award." *Id.*

Here, there is nothing in the germane provisions of the parties' collective bargaining agreement which states that reinstatement with an award of back pay is the sole remedy available to an unjustly discharged employee. There is also nothing which forbids the Board from fashioning an appropriate remedy. Although the Board found that Mr. Robinson's discharge was unreasonable, it still found him to be at fault. Under these circumstances, we see no impediment in the collective bargaining agreement to the Board's award of a lengthy suspension.

**IV.**

As previously stated, under § 153 First (q), the standard of judicial review of railway labor arbitration awards is extremely narrow. *Watts*, 796 F.2d at 1243. The district court (and this court, on appeal from the district court) does not review the correctness of the arbitration award. Absent claims of fraud or corruption, our only concern is whether the Board did the job it was created to

-13-

do--not whether it did it correctly. We conclude that the Board's interpretation of the collective bargaining agreement and the resulting award in this case were neither baseless nor without reason. *See Norfolk*, 17 F.3d at 700. Therefore, the Board did not exceed the scope of its jurisdiction, and the district court was correct in concluding that it did not have subject matter jurisdiction to review the award.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.