FILED
United States Court of Appeals
Tenth Circuit

March 17, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

AHMED MOHAMMAD AJAJ,

Plaintiff-Appellant,

v.

FEDERAL BUREAU OF PRISONS;
THE UNITED STATES OF AMERICA;
TOMAS GOMEZ; RON WILEY;
MELVIN DUNLAP; MICHAEL
MERRILL; KEITH POWLEY; JON
VIGLE; D. KRIST; DAVID ALLRED;
WENDY HEIM; CARL MESTAS;
BARBARA BATULIS; BRAD CINK;
R. MACK; STEVEN NAFZIGER; SARA
REVELL; "FNU" JONES; DAN ROY;
RICK MARTINEZ; B. CUNNING;
"FNU" SPROUL; FNU OLMSTEAD;
B. JANUS,

Defendants-Appellees.

No. 13-1010
(D.C. No. 1:08-CV-02006-RBJ-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

[*]   After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ahmed Mohammed Ajaj, a prisoner in the custody of the Federal Bureau of Prisons (BOP) proceeding pro se, appeals from the district court's orders granting Tomas Gomez's motion for summary judgment and the other defendants' motions to dismiss his claims under Federal Rule of Civil Procedure 12(b)(1) and (6). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In his third amended complaint, Mr. Ajaj sued the United States, BOP, and numerous current and former BOP employees, including Mr. Gomez, asserting ten claims, many with subdivisions, under numerous constitutional, statutory, regulatory, and treaty provisions:  (1) religious discrimination; (2) inhumane conditions of confinement; (3) unjust convictions for disciplinary violations; (4) improper handling of mail; (5) denial of meaningful visits with family and friends in person and by video; (6) restrictions on making telephone calls concerning legal matters; (7) restrictions on access to and receipt of books and other publications; (8) maintaining inaccurate information in prison records; (9) denial of and interference with medical treatment for several conditions; and (10) medical malpractice in violation of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b).

All defendants, but the United States, moved to dismiss these claims under Rule 12(b)(1) and (6).  In its forty-page March 10, 2011, order, the district court dismissed under Rule 12(b)(6) claims 1, 2, most of 3, 4, 5, 6, 7, 8, and 9 and dismissed all defendants except the United States, the BOP, and Mr. Gomez.  The

court concluded that Mr. Ajaj failed to state cognizable claims for relief primarily because his pleadings were conclusory and he failed to allege personal participation by the individual defendants. But the court declined to dismiss two claims, deciding that (1) Mr. Ajaj had adequately pled a declaratory relief claim against the BOP under the Administrative Procedures Act (APA) for his allegations that his disciplinary convictions based on Carl Mestas' and Mr. Gomez's disciplinary notices were arbitrary and capricious; and (2) he had adequately pled a First Amendment retaliation claim against Mr. Gomez for issuance of a disciplinary notice based on Mr. Ajaj's participation in a hunger strike. Also, the court determined that another opportunity to amend the complaint was unwarranted because Mr. Ajaj was on notice that he needed to allege facts showing each defendants' personal participation in their alleged improper conduct yet he failed to do so in his three complaint amendments, the request to amend was due to undue delay by Mr. Ajaj, and further delay would prejudice the individual defendants. On December 6, 2011, the court rejected Mr. Ajaj's motion for reconsideration, finding that he did not present newly discovered evidence and there was no manifest error of law.

In an amended order filed March 27, 2012, the court granted the United States' and the BOP's motion to dismiss the claims remaining against them, part of claim 3 and claim 10, under Rule 12(b)(1).[1] The court held that (1) because claim 3 objected to the reduction of Mr. Ajaj's good time credits and the place of his imprisonment, it

---

[1]     The court dismissed claim 10 without prejudice.

- 3 -

was barred by 18 U.S.C. § 3625; and (2) because Mr. Ajaj did not administratively exhaust his FTCA claim, the court lacked jurisdiction to hear claim 10. In that same order, the court granted Mr. Gomez's unopposed motion for summary judgment on the First Amendment retaliation claim, determining it was barred by the statute of limitations. In a text entry entered on the docket on November 13, 2012, the court denied Mr. Ajaj's motion to reconsider.

Mr. Ajaj asserts many arguments on appeal: (1) his claim against Mr. Gomez was timely because the statute of limitations did not begin to run until he received a final agency decision; (2) the district court erred in dismissing his claims against the United States because (a) he should have been allowed to amend his complaint to include FTCA claims that were administratively exhausted; (b) his second amended complaint was a new action under the FTCA, the government did not oppose the filing of the second amended complaint adding the FTCA claims, and the government therefore waived any right to argue that he failed to exhaust administrative remedies; (c) the FTCA claims were timely and the government never argued that they were untimely when it moved to dismiss; (d) the court did not address his argument that the FTCA claims were timely under the continuing threat and continuing violation doctrines; (e) the court did not consider his undisputed evidence concerning the existence and cause of his injury; (f) the court did not consider that his deliberate indifference claims were also FTCA claims; and (g) the court did not review his declaratory and documentary evidence showing that he exhausted his claims; (3) the

- 4 -

court erred in dismissing the unlawful-discipline claims against the BOP because (a) the BOP did not move to dismiss the declaratory and injunctive-relief claims under Rule 12(b)(6); (b) the court incorrectly decided he requested only declaratory and injunctive relief under the APA when he also requested relief under other theories; and (c) the court erred in granting the BOP's successive motion to dismiss; (4) the court failed to rule on (a) his ninth claim, a medical claim against the BOP for declaratory and injunctive relief under various theories; (b) his first claim, a religious claim for declaratory and injunctive relief under various theories; (c) his third claim against Mr. Mestas, concerning Mr. Ajaj's discipline for failing to perform tasks that were inconsistent with and aggravating to his medical condition; (d) his third claim asserting that he was subject to disciplinary penalties disproportionate to his alleged offense of failing to perform a cell rotation task; (e) his third claim for retaliatory discipline; (f) his second claim for subjecting him to sub-human prison conditions; (g) his second claim for denial of equal protection and harsher treatment and deprivation because he is Arab and Muslim; (h) his fourth claim for various mail violations; (i) his claims concerning visitation, use of the telephone, and publications; and (j) his requests to correct false information and to put important medical information into the record; (5) the court gave no notice that it would dismiss claims 1, 2, most of 3, 4, 6, 7, and 9 under Rule 12(b)(6) after the BOP only moved to dismiss under Rule 12(b)(1); (6) the claims defendants failed to move to dismiss and the court failed to rule on should be remanded; (7) the court erred in dismissing

- 5 -

claims for his failure to allege sufficient facts to support the claims because the court (a) should have recognized the legal sufficiency of his complaint under Rule 12(b)(6); (b) confused what must be pleaded with what must be proven; (c) failed to recognize that the court must consider relevant factual allegations contained in all court documents when reviewing the sufficiency of the pro se complaint and failed to rule on his motions for judicial notice; (d) failed to recognize that the notice pleading standard is still in effect; (e) ignored Tenth Circuit law holding that the need for factual allegations depends on the context of the case or claim; (f) failed to review the plausibility of his pro se complaint in its entirety and instead looked at a few allegations in isolation; and (g) failed to recognize that defendants did not dispute that he had exhausted all claims and therefore defendants had sufficient notice of his claims; (8) the court erred in concluding that his assertion that a non-medical staff member deliberately defied a medical order did not state an Eighth Amendment claim; and (9) the court failed to assume that all of his pro se allegations were true.

We review de novo the district court's dismissal of claims for failure to state a claim under Rule 12(b)(6). *See Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). In doing so, we "evaluate whether the complaint contains enough facts to state a claim to relief that is plausible on its face. We accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Id*. (citation omitted) (internal quotation marks omitted). We also review the court's summary judgment decision de novo. *Jones v. Okla. City Pub. Sch.*,

617 F.3d 1273, 1277 (10th Cir. 2010). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We examine the factual record and reasonable inferences therefrom in the light most favorable to" Mr. Ajaj. *Jones*, 617 F.3d at 1277 (internal quotation marks omitted). Like our review of decisions under summary judgment and Rule 12(b)(6), we also review questions of subject-matter jurisdiction under Rule 12(b)(1) de novo. *Robinson v. Union Pac. R.R.*, 245 F.3d 1188, 1191 (10th Cir. 2001).

In reviewing de novo, we liberally construe Mr. Ajaj's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But we will not assume the role of advocate for him. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Rather, we require him to follow the same rules of procedure governing counseled litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

After applying these standards and carefully reviewing the briefs, record, and relevant law, we see no reversible error in the district court's orders.[2] Accordingly, the judgment of the district court is affirmed. We deny as unnecessary Mr. Ajaj's motion for judicial notice of district court documents included in the record. *Cf. United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (taking judicial notice

---

[2] Nor do we discern merit to any claim Mr. Ajaj asserts the district court did not address.

- 7 -

of district court record that was not part of record on appeal).  We also deny as unnecessary Mr. Ajaj's motions for judicial notice of various court decisions.  And we deny his motion for appointment of counsel.  But we grant his motion for leave to proceed on appeal in forma pauperis.  We remind Mr. Ajaj of his duty to continue making payments until the filing fee is paid in full.

Entered for the Court


Bobby R. Baldock
Circuit Judge