FILED
United States Court of Appeals
Tenth Circuit

October 22, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARCUS DEANGELO JONES,

      Petitioner–Appellant,

v.

NICOLE ENGLISH, Warden,
USP–Leavenworth,

      Respondent–Appellee.

No. 18-3128
(D.C. No. 5:18-CV-03110-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

This appeal involves the procedures that federal prisoners must
follow when challenging their convictions. After an unsuccessful appeal,
federal prisoners can collaterally challenge their sentences under 28 U.S.C.
§ 2255. But § 2255 contains numerous procedural rules governing such

---

[*]     Mr. Jones does not request oral argument, and it would not materially
aid our consideration of the appeal. Thus, we have decided the appeal
based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But our order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

challenges, including rules on timeliness, venue, and second or successive petitions. *See* 28 U.S.C. § 2255(a), (f), (h).

Presumably hoping to skirt these limits, Mr. Marcus Jones collaterally challenged his sentence while disavowing an intent to invoke § 2255.[1] Notwithstanding this disavowal, the district court recharacterized Mr. Jones's collateral challenge as one based on § 2255 and dismissed the petition for lack of statutory jurisdiction.

In reviewing the district court's dismissal for lack of jurisdiction, we engage in de novo review. *Robinson v. Union Pac. R.R.*, 245 F.3d 1188, 1191 (10th Cir. 2001). In applying this standard of review, we conclude that the dismissal was proper. Section 2255 supplied Mr. Jones with his sole remedy for collaterally challenging his conviction. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Yet in district court, Mr. Jones disclaimed reliance on § 2255, conceding he was ineligible for relief under § 2255.

Mr. Jones contends "that § 2255 does not cover the entire field of remedies," relying on *United States v. Morgan*, 346 U.S. 502 (1954). Pet'r's Op. Br. at 8. In *Morgan*, the Supreme Court held that § 2255 did not prevent a federal court from granting a writ of coram nobis to an individual who was no longer in federal custody. 346 U.S. at 511. But Mr.

---

[1] He also expressly disavowed reliance on the habeas statute (28 U.S.C. § 2241).

2

Jones remains in federal custody. Thus, *Morgan* is inapplicable: *Morgan* "had to do with a situation where § 2255 did not apply because of absence of federal custody, and its effect is accordingly limited." *Adam v. United States*, 274 F.2d 880, 882 (10th Cir. 1960); *see Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013) ("A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek relief under 28 U.S.C. § 2255 or § 2241.").

In addition, Mr. Jones contends that the Constitution's Suspension Clause prevents the court from relegating him to a futile motion under § 2255. We disagree:

> So long as there is open to the prisoner a remedy in one court, with full right of review by appeal and petition for certiorari, it is not a suspension of the writ to withhold jurisdiction from other Federal courts, except in cases where the remedy in the sentencing court is inadequate or ineffective.

*Barrett v. Hunter*, 180 F.2d 510, 516 (10th Cir. 1950). And Mr. Jones does not question the adequacy or effectiveness of a remedy under § 2255.

Finally, Mr. Jones contends that the district court had constitutional jurisdiction under Article III, Section 2. But even if *constitutional* jurisdiction existed, *statutory* jurisdiction did not. *See Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013) (stating that "when a federal petitioner fails to establish that he has satisfied § 2255(e)'s savings clause test . . . the court lacks statutory jurisdiction to hear his habeas claim").

3

Both are necessary for federal jurisdiction. *See Estate of Harshman v. Jackson Hole Mtn. Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004) (stating that "federal courts are courts of limited jurisdiction and require both constitutional and statutory authority in order to adjudicate a case").

\* \* \*

Section 2255 provided the sole remedy available to Mr. Jones to collaterally challenge his conviction, but he disavowed reliance on this section and conceded ineligibility for relief under this section. Thus, we affirm the dismissal.[2]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[2] Mr. Jones filed a motion to expedite this appeal. This motion becomes moot with our disposition of the appeal.