**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

INTERNATIONAL LABEL
SERVICE, INC.; SARD, INC.,

        Petitioners-Appellants,

v.

ENGINEERED DATA PRODUCTS,
INC.,

        Respondent-Appellee.

No. 00-1425
(D.C. No. 99-D-2161)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioners International Label Service, Inc. and SARD, Inc. appeal the district court's dismissal of their petition for confirmation of an arbitration award for lack of jurisdiction. We affirm.

This dispute arises out of the settlement of patent litigation between petitioners and respondent Engineered Data Products, Inc. In April 1997, the parties entered into a settlement agreement which, inter alia, required petitioners to pay royalties to respondent. The agreement required the parties to arbitrate disputes arising out of the settlement agreement, and contained a provision requiring the arbitrator to decide the dispute within 210 days. The parties disagree on the effect of this 210-day provision.

In 1998, petitioners' royalty payments were not made in a timely fashion, and respondent sought to terminate the settlement agreement, to obtain an accounting, and to obtain an injunction against petitioners. The matter was submitted to arbitration, and an arbitrator was appointed on December 21, 1998. On April 21, 1999, the parties stipulated that the arbitrator would proceed with the determination of whether there was a basis to terminate the agreement, but that any other issues might be decided later. On May 28, 1999, the arbitrator issued an order stating that pursuant to this stipulated order, the parties had agreed to waive the 210-day limit for the second portion of the proceeding.

On July 19, 1999, the arbitrator issued a decision stating that there had been no material breach of the settlement contract and thus respondent was not entitled to terminate the agreement. The decision, which was issued on the 210th day after the arbitrator's appointment, relied heavily on the absence of evidence showing when petitioners had received notice of the breach. On July 29, 1999, respondent filed for reconsideration regarding the notice issue, attaching a certified letter receipt which it alleged was signed by petitioners' agent. On October 22, 1999, the arbitrator granted the motion, stayed his initial decision, and ordered the parties to contact his office to establish the procedures to be used to determine the notice issue. The parties conducted discovery on the receipt issue until January 2000, participated in a hearing before the arbitrator in late January or early February, and filed briefs on the issue in February 2000.

Meanwhile, on November 9, 1999, petitioners filed a petition for confirmation of the initial arbitration award, arguing that after the 210-day limit expired the arbitrator lacked authority to stay the initial decision. Respondent objected, arguing that the arbitration had not yet been completed, and that therefore the district court lacked jurisdiction. After a hearing, the district court dismissed the petition for lack of subject matter jurisdiction, holding that because the arbitrator stayed his initial decision, there was no final award to review.

Petitioners appealed, and respondents moved to dismiss the appeal for lack of jurisdiction. The parties have now briefed both the issue of this court's jurisdiction over the appeal, and the district court's jurisdiction over the confirmation petition.

We begin with our own jurisdiction, as we are required to do. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (holding "every federal appellate court has a special obligation to satisfy itself . . . of its own jurisdiction") (quotation omitted). Our jurisdiction over petitioners' appeal stems from 28 U.S.C. § 1291. *Robinson v. Union Pac. R.R.*, 245 F.3d 1188, 1190 (10th Cir. 2001). If the district court was correct in concluding that it lacked subject matter jurisdiction, our appellate jurisdiction is limited to reviewing that decision and does not extend to a review of the merits. *Bender*, 475 U.S. at 541. We review the district court's dismissal *de novo*. *U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999).

The question of a district court's jurisdiction to confirm an arbitration award is a two-step inquiry. First, because the Federal Arbitration Act "does not create any independent federal-question jurisdiction," the party seeking confirmation must demonstrate a jurisdictional basis under either 28 U.S.C. § 1331 (federal question) or § 1332 (diversity). *P&P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 866 (10th Cir. 1999) (quotation omitted). Second, it must be

shown that the parties agreed, either explicitly or implicitly, that the arbitration award would be subject to judicial confirmation. *Id.* In addition, the arbitration award sought to be confirmed must be final. *See United Steelworkers of Am. v. Ideal Cement Co.*, 762 F.2d 837, 842 (10th Cir. 1985).

The district court concluded that because the arbitrator stayed his initial decision, the July 19, 1999 award was not final. Petitioners argue that because the arbitrator lacked jurisdiction to stay his decision after the 210-day period expired, the initial decision was final. Petitioners have not, however, provided us with a copy of the settlement agreement containing the 210-day limitation, and therefore we cannot determine the effect of the period's expiration. As we are required to give an arbitrator's procedural decisions great deference, *id.* at 841, and the arbitrator's decision is not final on its face, we conclude the district court did not err in holding that it lacked jurisdiction over the confirmation petition.

Even if we were to treat the arbitrator's initial decision as final, petitioners have not demonstrated that the district court had subject matter jurisdiction over their case. The confirmation petition did not demonstrate that jurisdiction might be premised either on diversity or on the existence of a federal question. As the enforcement of a settlement agreement is no more than a contract action, it does not, in itself, provide a federal question upon which jurisdiction may be based. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).

Petitioners also have not shown an agreement by the parties to submit the arbitration award for judicial confirmation. *P&P Indus., Inc.*, 179 F.3d at 866.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge