**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 9, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRETT ANDREW: HOUSE OF
NELSON,

     Plaintiff - Appellant,

v.

DANIEL AUSTIN WALZL/STATE OF
COLORADO,

     Defendant - Appellee.

No. 20-1180
(D.C. No. 1:20-CV-01012-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

Pro se plaintiff Brett Andrew Nelson appeals the district court's dismissal of this action for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Also pending before this court is Nelson's Motion for Leave to Proceed in Forma Pauperis on appeal and a recent request for a writ of mandamus.

For the following reasons, we affirm the district court's dismissal of this action and deny Nelson's motion to proceed in forma pauperis and his writ of mandamus.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Nelson filed this action in the United States District Court for the District of Colorado, seeking to confirm an alleged $6,898,000 arbitration award against Defendant Daniel A. Walzl. Nelson simultaneously filed a Motion to Confirm Foreign Judgment (the "Motion") under the Federal Arbitration Act ("FAA").

The district judge referred Nelson's Complaint and Motion to a magistrate judge for a Report and Recommendation ("Report"). The magistrate judge issued his Report the next day. In his Report, the magistrate judge recommended that Nelson's Complaint and Motion be dismissed for lack of subject-matter jurisdiction, ruling that the FAA alone does not confer subject-matter jurisdiction on federal courts, and that Nelson had not asserted an independent jurisdictional basis. The magistrate judge also ruled that for Nelson's case to arise under federal law, his Complaint would have to establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." R. at 32 (quoting *Firstenberg v. City of Santa Fe*, 969 F.3d 1018, 1023 (10th Cir. 2012)). Finally, the magistrate judge ruled that Nelson had failed to allege facts establishing diversity jurisdiction, because Nelson alleged that all parties are citizens of Colorado. The Report thus recommended dismissing both the Complaint and Motion for lack of subject-matter jurisdiction.

Nelson timely filed objections to the Report, arguing that the district court had jurisdiction under contract law and § 9 of the FAA. He also argued that Walzl had waived any objection to jurisdiction.

After reviewing the Report de novo "in light of the file and record in this case," the district court issued an order adopting the magistrate judge's Report, holding that it had no subject-matter jurisdiction over Nelson's action. *Id.* at 47. The district court then issued its judgment, and Nelson filed this timely appeal.

In his appeal, Nelson argues that the district court "had a duty to Appellant to confirm the award as so ordered by Congress and law." Opening Br. 6. He suggests that the district court erred in requiring federal-question or diversity jurisdiction for his action to proceed. In addition, he argues (for the first time) that the district court has subject-matter jurisdiction under 9 U.S.C. § 12 and Article I § 10 of the United States Constitution. We exercise jurisdiction under 28 U.S.C. § 1291.

**STANDARD OF REVIEW**

We review de novo the district court's dismissal for lack of subject-matter jurisdiction. *See Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). Under the Federal Rules of Civil Procedure, "[i]f the [district] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

"The federal courts are courts of limited subject-matter jurisdiction." *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) (citation omitted). Therefore, they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Among the powers that Congress has bestowed upon the courts is the power to hear controversies arising under federal law,

3

"federal-question jurisdiction," 28 U.S.C. § 1331, and controversies arising between citizens of different states, "diversity jurisdiction," *id.* § 1332. Because either basis provides an independent source of jurisdiction, we address each. We begin with subject-matter jurisdiction.

## I.        Subject-Matter Jurisdiction

In the proceedings below, Nelson relied on 9 U.S.C. § 9, arguing that it "creates its own level of subject matter jurisdiction." R. at 40. The district court disagreed, explaining that the jurisdictional inquiry in arbitration-confirmation cases requires two showings: (1) that the court have "an independent basis for federal jurisdiction," and (2) that the parties previously agreed that a judgment of the court would be entered and confirmed by a specific court within one year of when the award is made. R. at 31. (citing *P & P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 866 (10th Cir. 1999)).

We agree with the district court's analytical framework. In *International Label Service, Inc. v. Engineered Data Products, Inc.*, we put it this way:

> First, because the Federal Arbitration Act "does not create any independent federal-question jurisdiction," the party seeking confirmation must demonstrate a jurisdictional basis under either 28 U.S.C. § 1331 (federal question) or § 1332 (diversity). Second, it must be shown that the parties agreed, either explicitly or implicitly, that the arbitration award would be subject to judicial confirmation.

15 F. App'x 717, 719 (10th Cir. 2001) (internal citations omitted). We now focus on the first prong, an independent basis for federal jurisdiction.

To begin, though Nelson now argues that 9 U.S.C. § 12 and Article I § 10 of the U.S. Constitution provide the needed subject-matter jurisdiction, he still contends that the

4

source of his jurisdiction is from the "contractual obligation" in his arbitration agreement. Opening Br. 8. The problem for Nelson is that his arbitration agreement is neither a law that creates a claim for relief nor a mechanism providing relief that depends on resolving a federal question. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)) ("A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"). Consequently, Nelson's arbitration agreement does not confer subject-matter jurisdiction through 9 U.S.C. §§ 9, 12 or Article I § 10 of the U.S. Constitution, because the agreement itself does not implicate a federal question.

This is in line with the Supreme Court's observation that even though arbitration agreements create "a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate," they do "not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 . . . or otherwise." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n.32 (1983).

Thus, even though Nelson's alleged arbitration agreement recites the language of 9 U.S.C. § 9, and he is correct that no one has moved to vacate the agreement under 9 U.S.C. § 12, he still lacks federal-question jurisdiction. Similarly, even though Article I § 10 of the Constitution includes the phrase "or Law impairing the Obligation of Contracts," which Nelson cites, Opening Br. 8, this provision addresses instances in which *state action* impedes contractual obligations. *See Allied Structural Steel Co. v.*

5

*Spannaus*, 438 U.S. 234, 240 (1978) (articulating historical basis for Article I § 10). It provides no basis for the Constitution to confer federal jurisdiction over Nelson's arbitration agreement.

### II.     Diversity Jurisdiction

As to the second possible independent basis for jurisdiction—diversity jurisdiction—we also conclude that it is lacking. Diversity jurisdiction may exist when a case or controversy arises between citizens of different states. *See* 28 U.S.C. § 1332. It cannot exist when all parties to a lawsuit are citizens of the same state. *See Depex Reina 9 P'ship v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990) ("[D]iversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation."). Nelson alleges that he and Walzl both reside in Colorado. Hence the district court lacks diversity jurisdiction over this case because both parties are allegedly citizens of the same state.

Because we find no independent basis for federal jurisdiction, we need not reach the second prong of the two-step jurisdictional inquiry for arbitration-award cases.

### CONCLUSION

For the reasons stated above, we AFFIRM the district court's dismissal of Nelson's underlying action on grounds that the district court lacked subject-matter

jurisdiction. We also DENY his request to proceed in forma pauperis and his request for a writ of mandamus.

Entered for the Court

Gregory A. Phillips,
Circuit Judge